IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN D. TILYARD,          )
                              )
           Plaintiff,         )
                              )
     v.                       )     1:11CV236
                              )
O'REILLY AUTO PARTS, INC.,    )
                              )
           Defendant.         )

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for disposition of Defendant's Second Motion to Extend the Deadline to Complete Discovery and Mediation (Docket Entry 21) and Defendant's Second Motion to Compel (Docket Entry 23). (See Docket Entries dated Mar. 1, 2012, and Mar. 6, 2012.) For the reasons that follow, the instant Motions will be granted.

Background

Plaintiff brings an employment related dispute for slander (Docket Entry 3, ¶¶ 13-17), sexual discrimination (id. ¶¶ 18-21), and retaliatory discharge (id. ¶¶ 22-25) against Defendant O'Reilly Auto Parts, Inc. Plaintiff also claims that Defendant's actions caused "anxiety, depression, and other forms of mental distress." (Id. ¶ 24.)

In connection with these claims, Defendant served Plaintiff with Defendant's First Set of Interrogatories and First Request for

Production of Documents. (See Docket Entry 14 at 1.) Plaintiff, however, failed to respond to Defendant's discovery requests within the time required. (See id. at 2.) After conferring with Plaintiff regarding this deficiency (see Docket Entry 14 at 2), Defendant filed Defendant's Motion to Compel ("First Motion to Compel"), asking this Court to "compel complete responses to its First Set of Interrogatories and First Request for Production of Documents to Plaintiff." (Docket Entry 13 at 1.)

Plaintiff subsequently filed Plaintiff's Response to Defendant's Motion to Compel, which noted that, on the same day that Plaintiff filed his Response, he "served on counsel for [D]efendant . . . answers to interrogatories and responses to request for production of documents, without lodging any objections or refusing to answer any of the interrogatories and requests." (Docket Entry 15 at 1.) Plaintiff further suggested that such action "should have the effect of rendering moot [D]efendant's [First] [M]otion to [C]ompel." (Id.) Given Plaintiff's Response, United States Magistrate Judge P. Trevor Sharp determined that, "[u]nder the circumstances of this case, the Court finds no reason for action at this time. . . ." (Docket Entry 17 at 2.)

Defendant now contends that, during the course of Plaintiff's deposition, Plaintiff identified "documents that are in [Plaintiff's] possession, custody and control, relevant to this matter, and responsive to Defendant's prior discovery requests, but

-2-

which have not yet been produced to Defendant[.]" (Docket Entry 23 at 2.)  Said documents purportedly include: (1) "the names and contact information of all the witnesses Plaintiff believes have knowledge or information relating to the alleged sexual harassment and slander of Plaintiff by Defendant" (id. at 2-3); (2) a "notepad and/or black phonebook in which Plaintiff listed each potential witness and their contact information and made notes about what each particular potential witness told him they witnessed" (id. at 3); and (3) "Plaintiff's tax returns for 2009 through 2011" (id.). Defendant further contends that, at Plaintiff's deposition, "Plaintiff's counsel and . . . Defendant's counsel had an off the record conversation in which Plaintiff's counsel agreed to provide [said] information and documents . . . within one week . . . ." (Id.)

Having not received those documents, Defendant filed Defendant's Second Motion to Compel (Docket Entry 23). Defendant's Second Motion to Compel also requests "costs and fees associated with this motion." (Id. at 4.)  Furthermore, in light of the delay caused by Plaintiff's nondisclosure and the current deadlines for discovery and mediation set for January 31, 2012 having already passed (see Docket Entry 21 at 1), Defendant also filed Defendant's Second Motion to Extend the Deadline to Complete Discovery and Mediation (Docket Entry 21).  Plaintiff has not filed a Response to

either of Defendant's instant Motions. (See Docket Entries dated Feb. 3, 2012, to present.)

### Motion to Compel

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). No grounds exist to depart from that standard in the instant case. Not only has Plaintiff previously been dilatory in responding to Plaintiff's discovery requests (see Docket Entries 13, 15, 17), but Plaintiff has also offered no explanation to this Court for his most recent failure to provide Defendant with the documents requested and the record lacks any such explanation.

In addition, the documents requested by Defendant appear relevant to Defendant's ability to mount a defense and thus fall within the scope of discovery. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of person who know of any discoverable matter.").

Accordingly, the Court will grant Defendant's Second Motion to Compel.

## Attorney's Fees and Costs

Where, as here, a litigant files a motion to compel, "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court <u>must</u>, after giving an appropriate opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court may decline to award expenses in this situation under only three scenarios:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The Court finds none of these limitations applicable.

First, with respect to subsection (i), the Court notes that Defendant initially addressed its concerns regarding the documents at issue via an in-person discussion with Plaintiff's counsel (<u>see</u> Docket Entry 24 at 3) and, although Plaintiff asserted that he would provide the documents within a week, Defendant has not

-5-

Case 1:11-cv-00236-CCE-LPA   Document 25   Filed 03/16/12   Page 5 of 8

received said documents (id.).  Second, despite having notice of the fee-shifting request, Plaintiff has failed to offer any objection for his nondisclosure (see Docket Entries dated Feb. 3, 2012, to present), much less an objection that the Court may consider "substantially justified," Fed. R. Civ. P. 37(a)(5)(A)(ii).  Finally, the record reflects no other circumstances that would make an award of attorneys' fees "unjust."  Fed. R. Civ. P. 37(a)(5)(A)(iii).  Accordingly, the Court finds no reason to depart from the standard set forth in Fed. R. Civ. P. 37(a)(5)(A).

## Motion for Extension of Time

As Plaintiff has also declined to file a response to Defendant's Second Motion to Extend the Deadline to Complete Discovery and Mediation (Docket Entry 21), the Court's Local Rule 7.3(k) again generally warrants the granting of Defendant's extension request.  Moreover, the Court finds no basis to dispute Defendant's assertions that "Plaintiff's failure to provide the identity and contact information of all [Plaintiff's] potential witnesses in a timely manner has greatly prejudiced and damaged Defendant's ability to complete its investigation of this matter and prepare a defense prior to the current deadline for the close of discovery" and that "mediation will be more meaningful after discovery is completed."  (Docket Entry 22 at 5-6.)

Conclusion

Plaintiff has not responded to either Defendant's Second Motion to Compel or Defendant's Second Motion to Extend the Deadline to Complete Discovery and Mediation. On the instant facts, no reason exists to depart from this Court's local rule that a failure to respond generally warrants granting the relief requested. Furthermore, this Court finds no independent basis to deny the instant Motions. As a final matter, the Court concludes that the current trial setting for July 2012 (see Docket Entry 12) cannot stand in light of the necessary extension of the discovery period.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Compel (Docket Entry 23) is **GRANTED** in that:

(1) on or before March 23, 2012, Plaintiff shall supplement its Answers to Defendant's First Set of Interrogatories and First Request for Production of Documents to include the documents identified by Defendant in Defendant's Second Motion to Compel;

(2) Plaintiff shall pay Defendant's reasonable expenses incurred in making its Second Motion to Compel, including attorney's fees;

(3) on or before March 30, 2012, Defendant shall serve Plaintiff with a statement of the reasonable expenses, including attorney's fees, arising from Defendant's Second Motion to Compel;

(4) if Plaintiff contests the reasonableness of any such expenses, it shall file, on or before April 15, 2012, a memorandum of not more than five pages explaining its position along with a certification that Plaintiff has attempted to confer in good faith with Defendant about that subject;

(5) on or before April 30, 2012, Defendant may file a response of not more than five pages to Plaintiff's foregoing memorandum; and

(6) on or before May 7, 2012, Plaintiff may file a reply of not more than five pages to any such response by Defendant.

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Extend the Deadline to Complete Discovery and Mediation (Docket Entry 21) is **GRANTED** in that the Parties shall have until April 16, 2012, to complete discovery and mediation and that, as a result, the Clerk shall remove this case from the July 2012 Master Calendar and shall place it on the next available trial setting.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 16, 2012