# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JONATHAN D. TILYARD,           )
                               )
              Plaintiff,       )
                               )
         v.                    )          1:11CV236
                               )
O'REILLY AUTO PARTS, INC.,     )
                               )
              Defendant.       )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Defendant's Motion for Sanctions and Submission to the Court Relating to Fees and Costs (Docket Entry 26). (See Docket Entry dated May 22, 2012.)[1] For the reasons that follow,

---

[1] Generally, "[an] order disposing of [a party's] [Federal] Rule [of Civil Procedure] 37 motion for sanctions is undoubtedly a nondispositive matter . . . ." Kebe ex rel. K.J. v. Brown, 91 F. App'x 823, 827 (4th Cir. 2004). However, because the instant Motion expressly seeks dismissal as a sanction (see Docket Entry 26 at 5 ("Defendant requests that the Court sanction Plaintiff as it deems appropriate, including but not limited to, dismissing his lawsuit . . . .")), the undersigned Magistrate Judge opts to enter a recommendation in this instance. See 28 U.S.C. § 636(b)(1)(A) and (B) (providing that magistrate judges may "hear and determine any pretrial matter pending before the court, except [eight specified motions, including] a motion . . . to involuntarily dismiss an action," but only may "submit to a [district] judge of the court proposed findings of fact and recommendations for disposition, by a [district] judge of the court, of any [of the eight specified] motion[s] [so] excepted" (emphasis added)). In so doing, the undersigned Magistrate Judge recognizes that some courts, including in this Circuit, have taken the view that the sanction selected by a Magistrate Judge (not the sanction sought by a litigant) controls whether the Magistrate Judge may enter an order (or only a recommendation) on a motion for sanctions under
(continued...)

the Court should grant in part and should deny in part the instant Motion, in that the Court:

1) should order Plaintiff to pay Defendant $1,368.00 for the reasonable expenses Defendant incurred with its Second Motion to Compel (Docket Entry 23), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and consistent with the Court's prior Order (see Docket Entry 25 at 7);

2) should sanction Plaintiff, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for failing to timely produce a document as previously ordered (see Docket Entry 25 at 7), by prohibiting him from utilizing said document to make out his case-in-chief (rather than by dismissing the case), as well as by expressly warning him that further misconduct will lead to severe (potentially case-dispositive) sanctions; and

3) should order that, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Plaintiff must pay Defendant's reasonable expenses, including attorney's fees, related to the instant Motion.

---

[1](...continued)
Federal Rule of Civil Procedure 37. See, e.g., Powell v. Town of Sharpsburg, No. 4:06CV117F(2), 2009 WL 863348, at *6-7 (E.D.N.C. Mar. 27, 2009) (unpublished) (citing Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519-20 (10th Cir. 1995), and Segal v. L.C. Hohne Contractors, Inc., 303 F. Supp. 2d 790, 792-95 (S.D.W. Va. 2004)). Those decisions, however, do not appear to have considered the plain language of Section 636(b)(1)(A) excepting motions "to involuntarily dismiss an action" from the range of pretrial matters as to which a Magistrate Judge may enter an order. See id.

-2-

Case 1:11-cv-00236-CCE-LPA   Document 33   Filed 10/24/12   Page 2 of 18

## Background

Plaintiff commenced this action by filing a Complaint alleging claims against Defendant for slander (Docket Entry 3, ¶¶ 13-17), sexual discrimination (id. ¶¶ 18-21), and retaliatory discharge (id. ¶¶ 22-25). In connection with these claims, Defendant served Plaintiff with discovery requests. (See Docket Entry 14 at 1.) Plaintiff failed to respond to those requests within the time required (see id. at 2; see also Docket Entry 29 at 7) and Defendant thus moved to compel (see Docket Entry 13). Plaintiff then responded that he (on that day) "served on counsel for [D]efendant . . . answers to interrogatories and responses to request for production of documents, without lodging any objections or refusing to answer any of the interrogatories and requests." (Docket Entry 15 at 1; see also Docket Entry 29 at 7.) The Court, per United States Magistrate Judge P. Trevor Sharp, thereafter declined to take further action. (Docket Entry 17 at 2.)

Subsequently, on February 3, 2012, Defendant filed a Second Motion to Compel after, in the course of Plaintiff's deposition (on January 2, 2012), Plaintiff identified "documents that are in [his] possession, custody and control, relevant to this matter, and responsive to Defendant's prior discovery requests, but which have not yet been produced to Defendant[.]" (Docket Entry 23 at 2.) Said documents included a "notepad and/or black phonebook [(the 'Phonebook')] in which Plaintiff listed each potential witness and

-3-

their contact information and made notes about what each particular potential witness told him they witnessed." (Id. at 3).[2] Defendant's Second Motion to Compel also requested "costs and fees associated with [its filing]." (Id. at 4.) Additionally, given Plaintiff's failure to timely answer discovery, Defendant moved for an extension of the discovery deadline. (See Docket Entry 21).

After Plaintiff failed to respond to the foregoing Motions (see Docket Entry 25 at 3-4), the Court (per the undersigned Magistrate Judge) ordered Plaintiff to produce, inter alia, the Phonebook (by March 23, 2012) and to pay Defendant's reasonable expenses in bringing the Second Motion to Compel (id. at 7). As to that latter matter, the Court directed Defendant to serve Plaintiff with an expense statement and ordered that, if he contested the

---

[2] Specifically, in his deposition, Plaintiff testified that he had contact information for witnesses "in [his] [P]honebook at home." (Docket Entry 24-4 at 5-6; accord id. at 7-8 ("Q And what – so you have this contact information in a phonebook at home; is that right, sir? A Yes, sir. Q What kind of phonebook? A Like a little black phonebook. Q A rolodex type of thing? A No, it's just a – it's got like a monthly or yearly planner in it.").) These witnesses allegedly could "corroborate [Plaintiff's] statement that they were told [Plaintiff] w[as] terminated because [he] had taken something[.]" (Id. at 10.) According to Plaintiff, in addition to the witnesses' contact information, he "put a little note down next to their name about what they had told [him] or informed [him] about." (Id. at 11.) Defendant previously had requested such information and documents in discovery. (See Docket Entry 13-1 at 10, 15-17, 28.) Plaintiff acknowledged that he "was probably supposed to get [such materials] to [his attorney] and [he] forgot to do so." (Docket Entry 24-4 at 7.) Nonetheless, Plaintiff insisted that he could "still provide them." (Id.) Indeed, when pressed about the urgency of the matter, given the impending discovery deadline, Plaintiff averred that he could "get it to [his attorney] today." (Id. at 9.)
-4-

reasonableness of the reported expenses, Plaintiff must file a memorandum setting out his position (by April 15, 2012). (Id. at 7-8.) That Order also extended the discovery period (to April 16, 2012) and continued the trial (from the July 2012 Civil Master Calendar to the next available setting). (Id. at 8.)

On March 30, 2012, Defendant timely served Plaintiff with its expense statement related to the Second Motion to Compel. (See Docket Entry 27-2; see also Docket Entry 27 at 5.)[3] Plaintiff did not file a memorandum objecting to the reasonableness of the cited expenses. (See Docket Entries dated March 30, 2012, to present.) Defendant thereafter filed the instant Motion asserting that, "on April 16, 2012, more than three weeks after the Court's deadline to produce [it], Plaintiff served on Defendant the [Phonebook] that Plaintiff originally admitted to having in his deposition on January 2, 2012." (Docket Entry 26 at 4.) To support that assertion, Defendant appended to its supporting brief a copy of a letter addressed to its counsel from Plaintiff's counsel dated April 16, 2012, stating as follows:

> At long last! The fabled [Phonebook]! I saw [it] in its original form and can attest that everything in [it] has been copied and is included in this enclosure.
>
> [Plaintiff] <u>lost</u> the [Phone]book <u>for a period of time</u>, and that is why I told you in recent correspondence we could not produce it. The book was found and

---

[3] Defendant therein claimed entitlement to $1,368.00. (See Docket Entry 27-2 at 5.)

-5-

> [Plaintiff's mother] testified at her deposition that it
> was available.
>
> I am sorry about all the confusion.

(Docket Entry 27-3 at 2 (emphasis added).)

Plaintiff subsequently responded to the instant Motion, in relevant part, by reporting, consistent with the above-quoted letter, that he "lost the diary or notes, that are now referred to as the '[Phone]book.' When the deposition of [his] mother was taken on March 29, 2012, she testified that the [Phone]book had been found. The [Phone]book was provided to [P]laintiff's counsel, and he promptly copied it and sent it to opposing counsel with the covering letter which [Defendant] attached [to its brief supporting the instant Motion]." (Docket Entry 29 at 2 (emphasis added).)[4] Defendant has replied. (Docket Entry 31.)

### Discussion

"If a party . . . fails to obey an order to provide or permit discovery, . . . the [C]ourt . . . may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Potential sanctions include orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[4] Plaintiff also therein "recognize[d] that ultimately he will be liable for attorneys' fees that have been assessed against him by prior [O]rder of the [C]ourt." (Docket Entry 29 at 3.)

-6-

> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) <u>dismissing the action</u> or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

<u>Id.</u> (emphasis added). "Instead of or in addition to the orders above, the [C]ourt <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the <u>reasonable expenses, including attorney's fees</u>, caused by the failure, <u>unless</u> the failure was <u>substantially justified</u> or <u>other circumstances make an award of expenses unjust</u>." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

The Court has discretion regarding whether, and to what extent, to impose sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). See <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 642-43 (1976). "It is not, however, a discretion without bounds or limits but one to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of the non-complying party." <u>Wilson v. Volkswagen of Am., Inc.</u>, 561 F.2d 494, 503 (4th Cir. 1977) (internal footnote,

-7-

parentheses, and quotation marks omitted). Moreover, the Court must act with particular circumspection in imposing case-dispositive sanctions. See id. at 503-04. Accordingly, in exercising its discretion under Federal Rule of Civil Procedure 37(b)(2)(A), the Court generally must consider: "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Foundation for Advancement, Educ, & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

In the "Argument" portion of its brief in support of the instant Motion, Defendant directly addressed only one of the foregoing factors, i.e., prejudice. (See Docket Entry 27 at 6-8.) Regarding that matter, Defendant asserted (without elaboration) that, by "disregard[ing] the Court's March 23, 2012 deadline [for production of his Phonebook] and produc[ing] [that] critical document on the last day of the discovery period, [Plaintiff] greatly prejudic[ed] Defendant's ability to prepare a defense in this matter and meaningfully examine him during his deposition." (Id. at 8.) In said brief's "Statement of the Relevant Facts," Defendant explained somewhat more fulsomely that: "What was particularly prejudicial to Defendant, however, was that [the Phonebook] was not simply a notepad with witness information in it,

-8-

but rather was a daily diary of Plaintiff during his tenure with Defendant, including references to nearly all of the events listed in Plaintiff's Complaint." (Id. at 4-5; see also id. at 5 (describing Plaintiff's failure to produce the Phonebook by the Court-imposed deadline as "clearly prejudicial to Defendant" and asserting that such conduct "critically impaired the ability of Defendant to meaningfully examine Plaintiff during his deposition").) None of Defendant's filings concerning the instant Motion, however, describe in any way how earlier production of the Phonebook would have altered defense preparation or the conduct of Plaintiff's deposition. (See id. at 1-9; Docket Entry 26 at 1-7; Docket Entry 31 at 1-5.) Nor did Defendant ask that, in the event the Court opted against dismissal, the Court allow the re-opening of Plaintiff's deposition and/or permit any other discovery beyond the deadline. (See id.) Under these circumstances, no basis exists to find that Plaintiff's belated production of the Phonebook significantly prejudiced Defendant.

As to the other Anderson factors (i.e., bad faith, need for deterrence, and efficacy of lesser sanctions), the Court should note that, although Defendant did not identify such factors by name in connection with its instant Motion, it did cite matters relevant to them. For example, Defendant correctly observed that Plaintiff "blatant[ly] disregard[ed]" both discovery deadlines and the Court's prior Order requiring him to produce the Phonebook by March

-9-

23, 2012. (Docket Entry 27 at 6.) A review of the time line of relevant events illustrates the point:

1) on January 2, 2012, Plaintiff swore that he had the Phonebook "at home," he knew he should have given it to his counsel earlier in response to Defendant's discovery requests, and he could provide it to his counsel that day (Docket Entry 24-4 at 5-11);

2) after Defendant filed its Second Motion to Compel on February 3, 2012, complaining that Plaintiff still had not produced the Phonebook, Plaintiff did not respond as required by the Court's Local Rule 7.3(f) (see Docket Entries dated Feb. 3, 2012, to Mar. 16, 2012; see also Docket Entry 25 at 3-4);

3) when the Court's deadline of March 23, 2012 (imposed via Order dated March 16, 2012) for Plaintiff to produce the Phonebook came, Plaintiff neither did so, nor moved for an extension of time to comply or for other relief (see Docket Entry 27 at 5-6 (citing Docket Entry 27-2 at 2); Docket Entry 29 at 2); and

4) even after Plaintiff's mother testified, on March 29, 2012, that the Phonebook "was available" (Docket Entry 27-3 at 2; see also Docket Entry 29 at 2), Plaintiff waited 18 more days until the very last day of the extended discovery period to provide it to Defendant (see Docket Entry 27-3 at 2).

Faced with this damning chronology, Plaintiff now simply asserts, in unsworn and unsupported fashion, that he "lost" the Phonebook for some unspecified "period of time." (Docket Entry 29

-10-

at 3.) The Court should lend no weight to such an undeveloped, unverified assertion.[5] Moreover, even if the Court chose to give any credence to Plaintiff's claim in this regard, that explanation would not excuse his failure to seek either an extension of time to comply with (or other relief from) the Court's Order requiring the Phonebook's production by March 23, 2012. Nor would Plaintiff's contention that, at some point, he had "lost" the Phonebook justify his delay in producing it from March 29, 2012 (when his mother testified the Phonebook "was available"), to April 16, 2012 (when his counsel finally forwarded it to Defendant's counsel).

In sum, the record does not establish that Plaintiff's "failure to comply has been due to inability," Wilson, 561 F.3d at 503; instead, the record reflects a course of conduct by Plaintiff that bespeaks bad faith, calls out for deterrence, and indicates lesser sanctions (such as mere admonitions) likely would not have sufficient impact, see United States v. Barker, No. 3:06CR373, 2010 WL 2650885, at *3 (W.D.N.C. July 1, 2010) (unpublished) ("A non-complying party has acted in bad faith where he has failed to comply with a court ordered [discovery device] of which he had actual notice and where his failure to comply was 'willful' and not

---

[5] Notably, in the only other communication from Plaintiff about the Phonebook in the record (i.e., a letter from his counsel to Defendant's counsel dated March 13, 2012), Plaintiff did not describe the Phonebook as "lost," but instead claimed (without any oath or affirmation and in a conclusory, ambiguous manner) that "[h]e d[id] not have [it] . . . ." (Docket Entry 27-1 at 2.)

-11-

due to his inability to [comply]."); Plant v. Merrifield Town Ctr. Ltd. P'ship, Nos. 1:08CV374(TSE/JFA), 1:08CV566, 2009 WL 6082878, at *6 (E.D. Va. Dec. 23, 2009) (unpublished) ("In this circuit, bad faith includes willful conduct, where the [litigant] 'clearly should have understood his duty to the court' but nonetheless 'deliberately disregarded' it." (quoting Rabb v. Amatex Corp., 769 F.2d 996, 1000 (4th Cir. 1985))), recommendation adopted in relevant part, 711 F. Supp. 2d 576, 581–88 (E.D. Va. 2010); Progressive Minerals, L.L.C. v. Rashid, No. 5:07–CV–108, 2009 WL 2761295, at *4 (N.D.W. Va. Aug. 28, 2009) (unpublished) ("Rules and deadlines are made to be followed. This Court cannot allow this, or any [litigant], to disobey court orders and discovery rules. . . . [O]thers contemplating this type tactic [must] understand that it is an unacceptable practice to fail to [provide discovery], and especially in response to a court order.").

Plaintiff appears to recognize that his violation of the Court's Order to produce the Phonebook by March 23, 2012, warrants some sanction. (See Docket Entry 29 at 1 (stating that "Plaintiff opposes in part [D]efendant's motion for sanctions" and "acknowledg[ing] delinquency in responding to interrogatories and production requests" (emphasis added)).) However, he offers a theory of mitigation in an apparent effort to soften the sanction selected by the Court; more specifically, Plaintiff asserts that his failures to meet discovery-related obligations "can be

-12-

explained in large part by [his] extreme depression, anxiety, and other medical problems stemming from [D]efendant's relentless sexual harassment of him and ultimate wrongful dismissal of him as its employee." (Id.) This approach falls short for the same reasons as does Plaintiff's claim that he "lost" the Phonebook:

1) Plaintiff has come forward with no evidence that any mental or physical health issue impaired his capacity to comply with the Court's prior Order (or to respond to discovery) (see id.);[6] and

2) Plaintiff has failed to explain why, if his mental or physical health affected his ability to produce the Phonebook by the Court's deadline (or at any earlier point), his counsel could not have sought an extension of time to comply (see id.).

Notwithstanding the inadequacy of Plaintiff's mitigation theory, the question remains as to how the Court should sanction his willful disregard of the prior Order directing him to produce the Phonebook by March 23, 2012. Defendant seeks the ultimate sanction, dismissal of the action. (See Docket Entry 26 at 5.) As support for that position, Defendant has cited one case, Lynch v. Novant Med. Grp., Inc., No. 3:08CV340, 2009 WL 2105829 (W.D.N.C. July 13, 2009) (unpublished), recommendation adopted, 2009 WL

---

[6] Plaintiff effectively acknowledged this deficiency by stating that his counsel was "in the process of rounding up hospital records and proposed testimony from [his] treating physicians [and that] . . . appropriate filings will be made with the [C]ourt." (Docket Entry 29 at 1-2.) Moreover, the Docket reflects no such filings. (See Docket Entries dated May 3, 2012, to present.)

2915039 (W.D.N.C. Sept. 8, 2009) (unpublished), in which a court sanctioned a litigant under Federal Rule of Civil Procedure 37(b)(2)(A) by dismissing the action. (Docket Entry 31 at 3.) In that case, however, the plaintiff who disobeyed the discovery order "ha[d] been warned explicitly that failure to comply . . . would result in the imposition of sanctions and possibly dismissal of th[e] lawsuit," Lynch, 2009 WL 2915039, at *7,[7] and "the [d]efendant ha[d] not been able to obtain any meaningful discovery from the [p]laintiff," id. (emphasis added). Here, by contrast, the Court had not had cause to issue a warning of that sort and Defendant has not suffered a total denial of meaningful discovery.

Given the absence of those or other comparably aggravating considerations in this case (as well as the lack of significant, demonstrated prejudice), the Court should decline to sanction Plaintiff by dismissing this action. See generally Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (cautioning district courts not to resort too readily to case-dispositive sanctions). Instead, an evidentiary sanction, such as prohibiting Plaintiff from utilizing the Phonebook to make out his case-in-chief, more proportionally addresses his misconduct. In

---

[7] As the recommendation in the cited case recognized, "[t]he Fourth Circuit has emphasized the significance of . . . [a] warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations." Lynch, 2009 WL 2105829, at *4 (citing, inter alia, Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995)).

-14-

addition, the Court should place Plaintiff on notice that it will deal most severely with any further noncompliance.

Finally, "the [C]ourt <u>must</u> order [Plaintiff] . . to pay the <u>reasonable expenses, including attorney's fees</u>, caused by [his] failure [to comply with the Court's prior Order], <u>unless</u> the failure was <u>substantially justified</u> or <u>other circumstances make an award of expenses unjust</u>." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). For reasons previously discussed, the record reflects no (much less a substantial) justification for Plaintiff's noncompliance. <u>See</u> <u>Decision Insights, Inc. v. Sentia Grp., Inc.</u>, 311 F. App'x 586, 599 (4th Cir. 2009) ("A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 565-66 n. 2 (1988))). As to circumstances that might make unjust an order requiring him to reimburse Defendant's reasonable expenses, Plaintiff has offered only the bare assertion that he "is completely impoverished and impecunious, and has no way to pay any of these amounts." (Docket Entry 29 at 3.) Even if the Court overlooked the complete lack of any evidentiary foundation for Plaintiff's claim of poverty, it should find that persuasive authority renders said claim immaterial in this context. <u>See, e.g.</u>, <u>Jumpp v. Jerkins</u>, Civil No. 08-6268, 2011 WL 5325616, at *4 (D.N.J. Nov. 3, 2011) (unpublished) ("To

-15-

accept indigence as a reason for not applying a Rule 37 sanction of attorney's fees would undermine the purpose of the rule. Rule 37 sanctions are penalties for violating the discovery rules, and such penalties are meant to deter future conduct and compensate for the collateral damage that, by a party's actions, is levied on a party that must move to enforce the rule. The failure to sanction indigent plaintiffs can only result in incentivizing abuse of the discovery system because they can impose costs upon their opponents without fear of recompense."); Toner v. Wilson, 102 F.R.D. 275, 276 (M.D. Pa. 1984) ("[W]hile [the plaintiff's] poverty may present the [d]efendants with a problem in collecting any award, [the plaintiff's] poverty does not make an award of expenses unjust."). The Court thus should order Plaintiff to pay Defendant's reasonable expenses, including attorney fees, related to the instant Motion.[8]

---

[8] Defendant, however, has not cited any authority that would support its request that the Court delay summary judgment briefing (and presumably trial) until Plaintiff has paid such expenses. (See Docket Entry 26 at 5, 6; Docket Entry 27 at 7, 8; Docket Entry 31 at 3.) Moreover, the Court has an independent interest in seeing that this case moves forward on schedule. See, e.g., Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1418312, at *4 (M.D.N.C. Apr. 2, 2010) (unpublished) ("There is a strong tradition in this district of enforcing case management deadlines to ensure that trials take place as scheduled."); Robinson v. Presbyterian Wound Care Ctr., No. 3:07CV21FDW, 2008 WL 2789341, at *1 (W.D.N.C. July 10, 2008) (unpublished) ("The management of the Court's docket is of the utmost importance to the carrying out of justice . . . .").

-16-

Conclusion

Plaintiff has not contested the reasonableness of the expenses Defendant claimed in connection with its Second Motion to Compel. Pursuant to the Court's prior Order, Plaintiff thus must pay Defendant $1,368.00. The Court also should sanction Plaintiff for failing to comply with the prior Order's deadline for production of the Phonebook. The relevant considerations, however, cannot sustain Defendant's call for dismissal. Instead, the Court should impose an evidentiary sanction, should mandate payment of Defendant's reasonable expenses associated with the instant Motion, and should caution Plaintiff that further failures on his part will result in more severe (potentially case-dispositive) sanctions. Under the circumstances of this case, such action adequately will serve "[t]he purpose of [Federal] Rule [of Civil Procedure] 37 [i.e.] . . . to punish deliberate noncompliance with the federal rules of discovery and to deter such conduct in the future," Zornes v. Specialty Indus., Inc., No. 97-2337, 166 F.3d 1212 (table), 1998 WL 886997, at *9 (4th Cir. Dec. 21, 1998) (unpublished).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Sanctions and Submission to the Court Relating to Fees and Costs (Docket Entry 26) be granted in part and denied in part, in that the Court:

1) should order Plaintiff to pay Defendant $1,368.00 for the reasonable expenses incurred by Defendant in connection with its

-17-

Second Motion to Compel (Docket Entry 23), pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and consistent with the Court's prior Order (see Docket Entry 25 at 7);

2) should sanction Plaintiff, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for failing to timely produce the Phonebook as ordered (see Docket Entry 25 at 7) by prohibiting him from utilizing it to make out his case-in-chief and by expressly warning him that any further violation of court orders or the applicable rules will lead to more serious sanctions, up to and including dismissal; and

3) should order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), that Plaintiff pay the reasonable expenses, including attorney's fees, Defendant incurred in bringing the instant Motion.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 24, 2012